By the Court,—Monell, J.
The theory of the referee’s decision seems to have been that, inasmuch as the defendant was not the owner of the property, either at the time of making or of the maturity of the contract, he was in no condition to perform, and therefore no demand of performance was necessary; and that upon those facts the plaintiff could rescind the contract, and recover his payment upon it.
Such theory, however, cannot be sustained-. The defendant, under his agreement of purchase, had an equitable title, and that was sufficient to authorize his contract of sale to the plaintiff; and, if at the maturity of his contract, he was able to procure a conveyance of the fee to his vendee, it would be a performance of his contract. ■ ■
It clearly appears in the case, and the referee has found the fact, that Bermann and Schappert, the *453 owners of the property, and with whom the defendant had his contract, offered to execute a deed, then prepared, for the purpose of conveying the premises to the plaintiff, upon his complying with his contract with defendant. But the offer was refused, on the ground that the title was not good.
No proof was offered to show that the title was not good, nor other reason furnished, for the refusal to receive the deed. There was, therefore, no evidence of any default on the defendant’s part. The offer of Hermann to convey, in performance of the defendant’s contract with the plaintiff, was a substantial compliance on the defendant’s part. And as there was no demand made of him, and the other offer was refused, for, as appears, a groundless reason, the plaintiff was not in a condition to recover Ms payment.
For these reasons the judgment should be reversed, the order of reference vacated, and a new trial ordered, with costs to the appellant to abide the court.